916 F.2d 713
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mable MUSICK, Plaintiff-Appellant,
v.
John T. WIGGINTON; Betty Kassulke, Warden; C.O. Stilger;
Ann Smith; Linda L. Dewitt; Rosby L. Glover; D.
Dolley; David Gilpin, Captain,
Defendants-Appellees.
 No. 90-5325.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1990.
 
 Before MERRITT, Chief Judge; BOYCE F. MARTIN, Jr., and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Mable Musick, a pro se Kentucky prisoner, appeals the district court's summary judgment dismissing her civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Musick sued John T. Wigginton, Secretary of the Kentucky Corrections Cabinet, and seven other defendants, all officers of the Kentucky Correctional Institute for Women, for alleged violations of her constitutional rights to due process and equal protection. Musick did not specify the capacity in which she sued the state defendants. Her claims grew out of a prison disciplinary hearing at which Musick was found guilty of possessing contraband (a marijuana cigarette) and was sentenced to 90 days disciplinary segregation and loss of 180 hours of good time credit. Invoking the court's pendent jurisdiction, Musick further alleged that the investigation and hearing violated the Kentucky Corrections Cabinet's Corrections Policies and Procedures.
 
 
 3
 While this complaint was pending, the original incident report and Adjustment Committee findings were voided and a new hearing was held following a field test on the alleged marijuana. The test was positive and Musick was again found guilty. The same punishment was imposed as before, with credit given for the previous penalties.
 
 
 4
 Following the second hearing, Musick filed an amended complaint in which she questioned the reliability of the field test in light of an unaccounted for 1 1/2 day period between the removal of the evidence from the locker until its test at another institution. She further alleged that defendant Glover improperly sat as chairman of the Adjustment Committee during her first hearing and that she was not given a Miranda warning prior to her second hearing.
 
 
 5
 After the defendants moved for summary judgment, Musick responded with her own motion for summary judgment. The defendants then filed a supplemental motion for summary judgment which the district court granted.
 
 
 6
 On appeal, Musick argues that the district court did not consider whether she was given an adequate statement by the factfinders after the second hearing, or whether an adequate chain of custody was established regarding the evidence. She also argues that the district court misinterpreted Will v. Michigan Dep't of State Police, 109 S.Ct. 2304 (1989), and that the form for filing a complaint under 42 U.S.C. Sec. 1983 supplied to prisoners by the district court is inadequate to establish jurisdiction under Wells v. Brown, 891 F.2d 591 (6th Cir.1989). In her brief, Musick requests the appointment of counsel.
 
 
 7
 Upon review, we conclude that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 8
 As the district court found, the statement provided to Musick following her second hearing was adequate to meet due process requirements. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974); King v. Wells, 760 F.2d 89, 93 (6th Cir.1985). Further, due process in a prison disciplinary context does not require proof of the chain of custody of the sample tested for drugs. Higgs v. Bland, 888 F.2d 443, 449 (6th Cir.1989). Finally, Musick cannot avoid her affirmative duty to plead the capacity in which she sues the defendants, Wells v. Brown, 891 F.2d at 593-94, by arguing that the district court should be required to lead her through each step of her pleadings.
 
 
 9
 Accordingly, for the reasons stated by the district court in its memorandum opinion entered February 8, 1990, the request for counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.